

December 10, 2019

Via CM/ECF & U.S. Mail

SANDY OPACICH, Clerk of Court
United States District Court
Northern District of Ohio
1716 Spielbusch Avenue
Toledo, OH 43604

**RE: In the Matter of the Complaint of Edwin Boggs for Exoneration from, or Limitation of, Liability**

Date of Loss: September 21, 2019
To Whom It May Concern:

GEICO MARINE INSURANCE COMPANY understands that individuals and/or entities, including the Timothy and Annette Baker and other potential unknown claimants may assert claims for bodily injury, property damage, and/or other damages as a consequence of a September 21, 2019, incident involving a 2008 Chaparral Signature 270 motor boat, Hull Identification Number FBGX0393H708 (hereinafter "the CHAPARRAL"), whose owner and/or owner *pro hac vice* is Edwin Boggs ("Petitioner"), while the CHAPARRAL was being operated on Sandusky Bay in Ottawa County, Ohio.

GEICO MARINE INSURANCE COMPANY further understands that an action for exoneration from or limitation of liability has been filed by Petitioner as owner and/or owner *pro hac vice* of the CHAPARRAL in the United States District Court for the Northern District of Ohio.

Pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefore" must be deposited with the Court at a rate of six percent (6%) per annum from the date of the security. Rule F(1).

Now therefore, in consideration of the mandates of Rule F(1) and to secure the claims for the benefit of any claimants to the above-referenced action, GEICO MARINE INSURANCE COMPANY, as Insurer for Petitioner Edwin Boggs, pursuant to policy of insurance number BUS5130149-03, hereby agrees that:

1) In the event that a final judgment, not subject to appeal, be entered against Petitioner as owner and/or owner *pro hac vice* of the CHAPARRAL or against the vessel *in rem*, then the undersigned agrees to pay and satisfy the final judgment up to and not exceeding Fifty-five Thousand Dollars and 00/100 ($55,000.00), plus interest at 6% from September 21, 2019, and costs. This agreement to pay is without prejudice to any claimants to obtain a



judgment against the Petitioner or the CHAPARRAL in any amount that any claimant may obtain. This Letter of Undertaking does not diminish any claimants' rights to collect any judgment against the Petitioner or the CHAPARRAL.

2) Upon Court order, GEICO MARINE INSURANCE COMPANY agrees to cause to be filed a bond in form and sufficiency with a surety satisfactory to the Court in the above amount securing any claim against the Petitioner or the CHAPARRAL, in the above-referenced case. In the event the bond referred to above is filed, GEICO MARINE INSURANCE COMPANY shall have no further responsibility under this Letter of Undertaking.

3) The rights of all parties shall stand and be exactly the same as they would have been had the funds been deposited with the Court in the form of cash. GEICO MARINE INSURANCE COMPANY reserves all rights, defenses, and objections to contest such claims which may be filed in this limitation action.

4) GEICO MARINE INSURANCE COMPANY may be served with notice of amounts due under this Letter of Undertaking by serving Petitioner's attorneys, or James K. Mondl, Tonkin & Mondl, L.C., 701 Market Street, Suite 260, St. Louis, Missouri 63101, during regular business hours. Should any dispute arise in respect of any demand for payment under this Letter of Undertaking, it is hereby agreed that such dispute may be referred for resolution to the above referenced Court. This provision shall apply only to this Letter of Undertaking and shall not be construed as a general waiver of any rights of GEICO MARINE INSURANCE COMPANY or the general appointment of any agent for service of process.

Ellen Shults